# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL TEDESCO, | ) | |
| | ) | |
| | ) | C.A. No. K14A-09-002 NEP |
| Claimant Below, | ) | |
| Appellant, | ) | In and For Kent County |
| | ) | |
| v. | ) | |
| | ) | |
| BAYHEALTH MEDICAL | ) | |
| CENTER, | ) | |
| | ) | |
| | ) | |
| Employer Below, | ) | |
| Appellee. | ) | |

## ORDER

Submitted: June 20, 2017
Decided:  September 21, 2017

This matter comes before the Court following a dispute between Michael Tedesco (hereinafter "Mr. Tedesco") and defendant Bayhealth Medical Center (hereinafter "Bayhealth") that was initiated before the Industrial Accident Board (hereinafter the "Board"). Mr. Tedesco now requests attorney's fees. No response was filed. The facts recited are those as found by the Court.

1.      Mr. Tedesco was injured in an industrial accident in 2010. Mr. Tedesco initially received total disability benefits as a result of the accident. His employer, Bayhealth, later filed a petition for review alleging that his total disability benefits should be terminated. Prior to the Board hearing, the parties resolved Bayhealth's petition in an agreement that substituted partial disability

1

benefits in place of Mr. Tedesco's total disability benefits. The agreement made no mention of attorney's fees.

2.      At the hearing, Mr. Tedesco argued that the settlement entitled him to attorney's fees, but the Board did not address the issue or determine whether an award was proper. Mr. Tedesco appealed to the Superior Court and in his opening brief complained that the Board should have awarded him attorney's fees. This Court declined to review an issue that the Board had not first considered, and remanded the issue of attorney's fees to the Board so that the Board could make a determination.[1] Following remand, the Board awarded Mr. Tedesco with fees for legal services rendered to him before the Board. As yet, Mr. Tedesco has not received any award for his legal fees incurred while pursuing his claims in Superior Court. Mr. Tedesco makes clear that he is seeking fees only for representation relating to the 2010 accident.

3.      19 *Del. C.* § 2350(f) states:

> The Superior Court may at its discretion allow a reasonable fee to claimant's attorney for services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant's position in the hearing before the Board is affirmed on appeal. Such fee shall be taxed in the costs and become a part of the final judgment in the cause and may be recovered against the employer and the employer's insurance carrier as provided in this subchapter.

4.      It appears from the statute that an award of fees is not proper in this case. In order for a claimant to be awarded attorney's fees, "claimant's position in the hearing before the Board [must be] affirmed on appeal." Mr. Tedesco's position before the Board has not been affirmed on appeal. The Superior Court did not consider, and thus did not affirm, Mr. Tedesco's claim that he was entitled to

---

[1] *Tedesco v. Bayhealth Med. Ctr.*, 2015 WL 1199356, at *4 (Del. Super. Mar. 13, 2015).

attorney's fees because the Board did not address the issue.[2] For this reason, 19 *Del. C.* § 2350(f) does not entitle Mr. Tedesco to attorney's fees.[3]

Wherefore, Mr. Tedesco's motion for attorney's fees and costs is **DENIED.**

**IT IS SO ORDERED.**

_____
JUDGE

NEP/wjs
*Via. File&ServeXpress*

---

[2] *Tedesco*, 2015 WL 1199356, at *4.

[3] *East v. Int'l Game Tech.*, 2011 WL 3568457, at *1 (Del. Super. June 30, 2011) (holding that there was "no basis for Appellant to contend that his position before the Board was affirmed upon appeal" when the issue appealed was remanded due to Board's failure to adequately address the issue).